UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **JOE HAND PROMOTIONS, INC.** | **CIVIL DOCKET NO. 6:21-CV-01513** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **SOCO SPORTS BAR, LLC, ET AL** | **MAGISTRATE JUDGE DAVID J. AYO** |

## MEMORANDUM RULING

Before the Court is a MOTION FOR DEFAULT JUDGMENT (the "Motion") filed by Plaintiff, Joe Hand Promotions, Inc. ("Plaintiff") against Defendants Lace Maturin, Scotty James Maturin, SoCo Sports Bar, LLC, and Alien Hosting, LLC (collectively, "Defendants"). [Doc. 23]. For the reasons addressed below, Plaintiff's Motion is GRANTED in part and DENIED in part.

### BACKGROUND

Plaintiff describes itself as a "distributor of sports and entertainment programming to commercial establishments[.]" [Doc. 23-2, p. 6]. Plaintiff was the exclusive licensee to distribute to commercial establishments the television broadcast of *Ultimate Fighting Championship® 240: Holloway vs. Edgar* ("UFC 240"), which was televised nationwide on July 27, 2019. [Doc. 23-4].

Defendants own and operate SoCo Sports Bar ("SoCo"), an establishment located in New Iberia, Louisiana. [Doc. 23-2, p. 6]. On the night UFC 240 was broadcast, Plaintiff alleges that Defendants illicitly "intercepted and received . . . the transmission of [UFC 240]" and broadcast it to the patrons of SoCo sports bar. *Id.* at pp. 6–7. Defendants did so without authorization from Plaintiff, the exclusive

licensee. *Id.* at p. 6. Accordingly, Plaintiff asserts that Defendants "pirated Plaintiff's licensed exhibition of [UFC 240] and infringed upon Plaintiff's exclusive [distribution] rights" in violation of 47 U.S.C. §§ 553 and 605.[1] [Doc. 10, p. 5].

Plaintiff initiated this lawsuit on June 2, 2021. [Doc. 1]. On September 17, 2021, Plaintiff filed its FIRST AMENDED AND SUPPLEMENTAL COMPLAINT [Doc. 10], seeking: (i) statutory damages under either 47 U.S.C. § 553 or § 605; and (ii) attorneys' fees, interests, and costs pursuant to either 47 U.S.C. § 553(e)(3)(B)(iii) or § 605(c)(2)(C). [Doc. 10, p. 6]. Despite being properly served, Defendants failed to file an answer or otherwise appear in this matter. *See* [Docs. 13, 14]. The Clerk of Court subsequently entered a preliminary default, and Plaintiff moved for default judgment on October 10, 2022. *See* [Docs. 15, 23]; *see also* Fed.R.Civ.P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.").

## LAW & ANALYSIS

### I. Liability

#### A. Legal Standard

A default occurs where "a defendant fails to plead or otherwise respond to the complaint within the allotted time," after which the plaintiff may request a default

---

[1] Section 553(a)(1) prohibits cable piracy, while Section 605(a) prohibits satellite piracy. *See Joe Hand Promotions, Inc. v. RLPR Mgmt., LLC,* No. 12-CV-2106, 2015 WL 539649, at *3 (W.D. La. Feb. 6, 2015) ("In essence, Section 553 prohibits unauthorized interception of cable services and Section 605 prohibits the unauthorized interception of satellite communications.").

judgment. *Joe Hand Promotions, Inc. v. Lucky Shot LLC,* No. 2:22-CV-113-Z-BR, 2022 WL 4360550, at *2 (N.D. Tex. Sept. 20, 2022). A court may impose a default judgment where: (i) the defendant is in default; (ii) the Clerk of Court enters a notice of default; and (iii) after taking the plaintiff's well-plead allegations as true, the complaint "state[s] a claim upon which relief may be granted."[2] *Joe Hand Promotions, Inc. v. Mechler,* No. DR-18-CV-053-AM/VRG, 2019 WL 6048015, at *1 (W.D. Tex. Sept. 11, 2019) (citing *Lewis v. Lynn,* 236 F.3d 766, 767 (5th Cir. 2001)). Although Federal Rule of Civil Procedure 55 permits a court to order a hearing regarding liability or evidence, "the judge [enjoys] wide latitude in determining whether such a hearing will be beneficial." *Joe Hand Promotions, Inc. v. RLPR Mgmt., LLC,* No. 12-CV-2106, 2015 WL 539649, at *2 (W.D. La. Feb. 6, 2015).

Here, Plaintiff served Defendants with a summons and copy of the First Amended Complaint on October 4, 2021. [Docs. 12, 13]. The Clerk of Court entered a notice of default on January 24, 2022. [Doc. 15]. To date, Defendants have not filed a responsive pleading or otherwise made an appearance. After reviewing the Motion

---

[2] The plaintiff must also make a prima facie showing of jurisdiction. *Joe Hand Promotions, Inc. v. Behind the Fence, LLC*, No. CV 16-00196, 2017 WL 1497630, at *2 (W.D. La. Apr. 6, 2017), *report and recommendation adopted*, No. CV 16-00196, 2017 WL 1498521 (W.D. La. Apr. 24, 2017). Here, because Plaintiff seeks relief under 47 U.S.C. §§ 553 and 605, the Court possesses federal question jurisdiction pursuant to § 1331. *See Joe Hand Promotions, Inc. v. Lucky Shot LLC*, No. 2:22-CV-113-Z-BR, 2022 WL 4360550, at *2 (N.D. Tex. Sept. 20, 2022).

and the exhibits attached thereto, the Court finds both that a default judgment is warranted and that an evidentiary hearing is unnecessary.

## B. The Federal Communications Act

To determine that a default judgment is appropriate, courts must first decide whether "the facts alleged in the complaint, taken as true, constitute a legitimate cause of action[.]" *Joe Hand Promotions, Inc. v. Behind the Fence*, LLC, No. CV 16-00196, 2017 WL 1497630, at *3 (W.D. La. Apr. 6, 2017), *report and recommendation adopted*, No. CV 16-00196, 2017 WL 1498521 (W.D. La. Apr. 24, 2017). A plaintiff may recover under § 605(a) by establishing the defendant: (i) received, assisted in receiving, transmitted, or assisted in transmitting an interstate communication by wire or radio, and (ii) broadcasted, displayed, or divulged that communication to (iii) at least one other person (iv) without authorization.[3] *Joe Hand Promotions, Inc. v. Castaneda Salinas,* No. DR-11-CV-50-AM, 2013 WL 12392513, at *3 (W.D. Tex. Nov. 5, 2013) (citing *Joe Hand Promotions, Inc. v. Tin Cup Sports Bar, Inc.*, Civ. No. 11-01929, 2012 WL 2572504, at *2 (S.D. Tex. June 28, 2012)).

Here, Plaintiff's FIRST AMENDED AND SUPPLEMENTAL COMPLAINT asserts that Defendants, without authorization, "willfully intercepted or received the interstate

---

[3] Although Plaintiff's FIRST AMENDED AND SUPPLEMENTAL COMPLAINT also seeks damages for a violation of 47 U.S.C. § 553, "[p]laintiffs cannot receive damages under both Section 553 and Section 605 because they are not cumulative." *Joe Hand Promotions, Inc. v. RLPR Mgmt., LLC*, No. 12-CV-2106, 2015 WL 539649, at *4 (W.D. La. Feb. 6, 2015) (citing *J & J Sports Prod., Inc. v. Papania*, No. 09–1754, 2010 WL 1191807, at * 2 (W.D. La. 03/26/10)). Moreover, Plaintiff's MOTION FOR DEFAULT JUDGMENT [Doc. 23] seeks recovery pursuant to § 605 only. *See generally* [Doc. 23-2]. Accordingly, the Court will only consider liability under § 605.

communication of [UFC 240]" before "exhibiting [UFC 240] to patrons within [SoCo]."[4] [Doc. 10, p. 4]. Because Defendants' default "admits the truth of the allegations in the complaint with respect to liability," the Court accepts Plaintiff's allegations as true and finds that Defendants have violated § 605. *See id.* (citing *Nishimatsu Const. Co., Ltd. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)); *see also Joe Hand Promotions, Inc. v. Casison,* No. 7:18-CV-323, 2019 WL 3037074, at *4 (S.D. Tex. July 11, 2019) (imposing liability because "[d]efendant's default serves as an admission of well-pleaded facts, and [because plaintiff] additionally attached evidence in support of its allegations.").[5]

## II. Damages

Although a defendant in default concedes the well-plead allegations of the plaintiff's complaint, the same is not true as to damages. *Joe Hand Promotions, Inc.*

---

[4]  Though Plaintiff's FIRST AMENDED AND SUPPLEMENTAL COMPLAINT, standing alone, may be enough to enter default judgment, the Court notes that Plaintiff also submitted the affidavit of Keith Loren, an auditor hired by Plaintiff who visited SoCo on the night of UFC 240. *See* [Doc. 23-6]. Mr. Loren's affidavit establishes that, on the night of UFC 240, Defendants broadcasted UFC 240 on four televisions to approximately ten patrons. *Id.*; [Doc. 23-2, pp. 8–9].

[5]  Plaintiff asks the Court to impose vicarious liability on the part of the individual defendants, Lace and Scotty James Maturin, who Plaintiff claims "had the right and ability to supervise the infringing activity and a direct financial benefit from [same]." [Doc. 23-2, p. 17]. In support of this contention, Plaintiff relies on several district court cases that have imposed liability upon individual defendants under similar circumstances. *See, e.g., Joe Hand Promotions, Inc. v. 152 Bronx, L.P.*, 11 F. Supp. 3d 747 (S.D. Tex. 2014); *Joe Hand Promotions, Inc. v. Ambiente Bar LLC*, Civ. A. No. 7:13–CV–132, 2014 WL 580767, at *2 (S.D.Tex. Feb. 13, 2014) (citing *Joe Hand Promotions, Inc. v. Chapa*, Civ. A. No. H–08–422, 2009 WL 2215124, at *3, n.2 (S.D.Tex. July 22, 2009)). However, because § 605 "explicitly prohibit[s] assisting third parties in intercepting or receiving unauthorized radio and cable communications, there is no need to introduce concepts of vicarious liability into § 605 actions." *See G & G Closed Cir. Events LLC v. Rivals Sports Grill LLC,* No. CIV.A. 6:12-3052, 2014 WL 198159, at *3, n.5 (W.D. La. Jan. 14, 2014) ("[B]y their default, [the individual defendants] have admitted they violated sections 605 and 553. Nothing more is required to

*v. On the Rocks Bar & Grill, LLC*, No. EP-11-CV-554-KC, 2012 WL 3129137, at *2 (W.D. Tex. July 30, 2012) ("When reviewing a motion for default judgment, a court takes the plaintiff's well-pleaded factual allegations as true, but not damages.") (citing *United States ex rel. M–Co Constr., Inc. v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir.1987)). Further, though courts generally favor damages hearings, a hearing is unnecessary where "the court can determine the amount of damages with mathematical calculation, by referencing the pleadings and supporting documents[.]" *Joe Hand Promotions, Inc. v. Leech,* No. 3:18-CV-3081-B, 2019 WL 3206129, at *3 (N.D. Tex. July 15, 2019) (citing *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993) and *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979)).

A party who establishes a violation of § 605(a) may receive either actual damages or statutory damages. *Joe Hand Promotions, Inc. v. 152 Bronx, L.P.*, 11 F. Supp. 3d 747, 754 (S.D. Tex. 2014) (citing 47 U.S.C. § 605(e)(3)(C)(i)(I)–(II)). Here, Plaintiff asks the Court to award: (i) statutory damages of $2,540.00 pursuant to § 605(e)(3)(C)(i)(II); (ii) enhanced statutory damages of $3,540.00 pursuant to § 605(e)(3)(C)(ii); and (iii) attorney's fees and costs, totaling $1,902.00, pursuant to § 605(e)(3)(B)(iii). [Doc. 23-2, p. 18]. Because Plaintiff seeks damages that are statutory and therefore "readily capable of mathematical calculation," the Court finds that a hearing is unnecessary. *See Joe Hand Promotions, Inc. v. City Slickers Ltd. Liab. Co.*, No. EP-21-CV-00222-FM, 2022 WL 1518937, at *3 (W.D. Tex. Apr. 1, 2022);

---

demonstrate their liability.") (citing *Joe Hand Promotions, Inc. v. Chapa*, 2009 WL 2215124, at *3, n.2 (S.D.Tex.) and *ON/TV of Chicago v. Julien*, 763 F.2d 839, 843 (7th Cir.1985)).

*Joe Hand Promotions, Inc. v. Fusion Hookah, LLC,* No. A-16-CV-1339-RP, 2018 WL 1887293, at *4 (W.D. Tex. Feb. 1, 2018), *report and recommendation adopted*, No. 1:16-CV-1339-RP, 2018 WL 1885192 (W.D. Tex. Mar. 28, 2018).

47 U.S.C. § 605(e)(3)(C)(i)(II) provides that a person injured by a violation of § 605(a) "may recover an award of statutory damages for each violation of subsection (a) …. in a sum of not less than $1,000 or more than $10,000, as the court considers just[.]" The pleadings and evidence establish that, by broadcasting UFC 240 to approximately ten patrons, Defendants violated § 605(a) only once.[6] Given the low number of patrons at SoCo on the night of UFC 240, and because § 605(e)(3)(C)(i)(II) commits the matter to the Court's discretion, the Court awards Plaintiff the statutory minimum damages award of $1,000.

47 U.S.C. § 605(e)(3)(C)(ii) provides that, where a defendant violates § 605(a) "willfully and for purposes of direct or indirect commercial advantage or private financial gain, the court in its discretion may increase the award of damages, whether actual or statutory, by an amount of not more than $100,000 for each violation of subsection (a)." Again, the pleadings allege that Defendants violated § 605(a) on only one occasion, and the evidence reflects that Defendants broadcast UFC 240 to less than a dozen patrons. Accordingly, the Court finds that an award of damages under

---

[6] In its MOTION FOR DEFAULT JUDGMENT, Plaintiff submits limited evidence indicating that Defendants may have violated § 605(a) on three additional occasions. *See* [Doc. 23-2, p. 14]; [Doc. 23-7]. However, because these prior violations are not pleaded in Plaintiff's FIRST AMENDED AND SUPPLEMENTAL COMPLAINT, the Court will not consider this evidence in determining a proper damages award. *See* [Doc. 10].

§ 605(e)(3)(C)(i)(II) is sufficient and declines to award enhanced statutory damages under § 605(e)(3)(C)(ii).

Lastly, 47 U.S.C § 605(e)(3)(B)(iii) provides that the Court "shall direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails." Plaintiff requests attorneys' fees in the amount of $1,500 and costs in the amount of $402.00. [Doc. 23-2, p. 18]. The Court finds these requests reasonable and supported by the evidence.[7]

## CONCLUSION

For the forgoing reasons,

IT IS HEREBY ORDERED that Plaintiff's Motion For Default Judgment is GRANTED as to Plaintiff's 47 U.S.C. § 605 claims against Lace Maturin, Scotty James Maturin, SoCo Bar, LLC, and Alien Hosting, LLC.

IT IS FURTHER ORDERED that the Plaintiff is hereby awarded statutory damages under 47 U.S.C. § 605(e)(3)(C)(i) in the amount of $1,000.00, as well as attorneys' fees and costs under 47 U.S.C. § 605(e)(3)(B)(iii) in the amount of

---

[7] In addition to filing costs of $402.00, Plaintiff requests attorneys' fees for six hours of work at $250.00 dollars per hour. [Doc. 23-2, p.18]; [Doc. 23-7]. Plaintiff's requested amounts are commensurate with the fees and costs awarded in similar cases in which Plaintiff litigated a default judgment under § 605. *See, e.g.*, *Joe Hand Promotions, Inc. v. Leech*, No. 3:18-CV-3081-B, 2019 WL 3206129, at 5–6 (N.D. Tex. July 15, 2019); *Joe Hand Promotions, Inc. v. Castaneda Salinas*, No. DR-11-CV-50-AM, 2013 WL 12392513, at *5 (W.D. Tex. Nov. 5, 2013); *Joe Hand Promotions, Inc. v. On the Rocks Bar & Grill, LLC*, No. EP-11-CV-554-KC, 2012 WL 3129137, at *4 (W.D. Tex. July 30, 2012).

$1,902.00. Plaintiff's request for enhanced damages pursuant to 47 U.S.C. § 605(e)(3)(C)(ii) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's claims under 47 U.S.C. § 553 are DISMISSED WITH PREJUDICE.

THUS, DONE AND SIGNED in Chambers on this 25th day of October 2022.

DAVID C. JOSEPH
UNITED STATES DISTRICT JUDGE